## FRAZER v. KIMLER.

</div>

*Negligence — horse accustomed to run away — Title — by gift sufficient to sustain action for loss of personal property.*

Defendant left his horse, which was accustomed to run away, which fact defendant knew, in a public street unhitched in charge of a boy fourteen years old, who was not well, and incapable of managing the horse. The horse took fright and run away, and run against and fatally injured plaintiff's horse, which was hitched in the street. *Held,* that defendant was guilty of negligence, which rendered him liable for the loss of plaintiff's horse.

The injured horse had been given to plaintiff when he was under age by his mother, had been used on his mother's farm, and afterward plaintiff had agreed to work on the farm a year after he became of age for the horse, which he did. *Held,* that plaintiff had a title in the horse sufficient to maintain an action for its loss.

APPEAL by defendant from a judgment of the county court of Niagara county in favor of plaintiff entered upon the verdict of a jury.

The action was brought in a justice's court by John J. Frazer against Christian Kimler to recover the value of plaintiff's horse, which was run into and injured so that he died by defendant's runaway horse. The material facts appear in the opinion.

*Murray & Greene,* for appellant.

*T. E. Ellsworth,* for respondent.

MULLIN, P. J. This action was brought in a justice's court to recover the value of a horse, of which plaintiff claimed to be the owner, that was killed through the negligence of the defendant in allowing his horse, which was accustomed to run away, to be in the highway in the city of Lockport unhitched, and in charge of his (defendant's) son, who was incapable to manage the horse, by reason whereof the horse ran away, struck the plaintiff's horse with the thill of the wagon, to which defendant's horse was attached, and wounded him so that he soon after died.

There was a judgment in the justice's court in favor of the plaintiff for $200 damages and $4.50 costs. The defendant appealed to the county court of Niagara county where the cause was tried by a jury and judgment rendered on a verdict in favor of the plaintiff for $200 damages, besides costs. The defendant now appeals to this court from the judgment rendered.

The plaintiff, upon the trial, gave evidence tending to prove that his mother owned the mare from whom the horse that was killed was raised, and when it was a colt she gave the colt to the plaintiff and it was thereafter called his. It was occasionally used on the farm, and when plaintiff came of age his mother told him he might have the colt if he would work on the farm another year after coming of age. This he did.

Evidence was also given tending to prove that the horse of the defendant had run away on several occasions, and that at the time when the injury was done to the plaintiff's horse, the defendant's horse was in the street in charge of a son of the defendant, a lad of some fourteen years of age, who was not in good health, and while the lad was sitting in the wagon to which the defendant's

horse was attached, the horse ran away and struck plaintiff's horse in the breast with the end of one of the shaft's thills causing a wound which caused his death in a few hours. Plaintiff's horse had been driven to town by his father, who having occasion to go into a store, hitched the horse to a post on the margin of the street where it was standing when wounded.

On the part of the defense, evidence was given tending to prove that the defendant's horse had never before run away, and that on the occasion in question, a wagon was backed against defendant's wagon, the body of which was not secured to the running part of it, and the box was forced forward against the defendant's horse, by reason of which it became frightened and ran away, and the fact that the box was not fastened was not discovered until after the injury.

The jury doubtless found the facts to be as sworn to by plaintiff's witnesses, and by them negligence was clearly proven.

It was the duty of the defendant, knowing that the horse was liable to run away, to secure him if he left him standing in the street, or to put him in charge of a person capable of taking care of him, so as to prevent injury if he should run. The omission to do so was negligence, for which the defendant was liable.

The title of the plaintiff to the horse killed was sufficiently proved. The gift of the colt by his mother to him vested in him the title. Leaving it on the farm did not defeat or impair the gift, as it was recognized in the family as plaintiff's horse.

The subsequent agreement between him and his mother, that he should have the horse if he would work a year after coming of· age, was evidence for the jury on the question whether there had been a gift of the horse. If there was that agreement, it did not impair plaintiff's title. In any view of the case, the plaintiff, being entitled to the possession at the time of the injury, was entitled to recover the value of the horse.

The defendant himself gave the evidence as to the box of the wagon not being sufficiently secure, and by reason of such neglect, the injury was caused. If the failure to secure the box was negligence, and such negligence occasioned the injury, the plaintiff was entitled to insist upon it as a ground of recovery; had the plaintiff offered such evidence, it might be that the court ought not to have received it; but that is not the question. The defendant gave the evidence and there was no error in charging that the jury, in deter-

mining the question of negligence, might consider the condition of the wagon box.

The defendant's counsel insists that the horse ran away because the wagon box was pressed against him by the man who backed his wagon against that of defendant, with such violence as to break a spoke and leave marks of injury on the wagon of the defendant. Two witnesses testify that no marks were found on defendant's wagon and the jury had the right to find, as they doubtless did find, that the horse ran away not by reason of fright from the box being pressed against him, but because of his own vicious propensity to run.

The judgment is right and should be affirmed.

*Judgment affirmed.*